UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VICTOR MANUEL ZAVALA, JULIO ZAVALA TORRES, RYAZARD SZCZESIAK, TERESA SZCZESIAK, MIROSLAV BLASEK, KRISOVA BOLENA, MARKETA CEJKOVA, ARTUR CZAJKOWSKI, EWA FEDERSKA, ANDRZEJ FEDERSKI, MICHAL GAINER, ZDENKA GAINEROVA, MILOS GASPAR, ONDREJ GETZEL, HELENA GOLASZEWSKI, KAZIMIERRZ GOLASZEWSKI, ED (JIRI) HALLA, RADEK HERAK, MICHAL HOKR, KELLER JAN, PAVEL JANIK, EVA JOSEFIKOVA, JIRI JUSTA, MILOSLAV KASIK, OMDRED KASIK, EVA KASIKOVA, PAVEL KOVALEV, KAREL KREMEL, MILAN KREMEL, ANNA KREMELOVA, VERA MALICHOVA, JAN MARSIC, RADIM MODCITBA, RENE MURIC, ALEXANDRE NIKOLOV, JENERAL OTA ING, BRONISLAV RUZICKA, LUDEK SALETA, PAVEL SKOPEK, GYORGY SUBA, STAN TRZECIAK, MAREK WELSER, LADISLAV ZAHRADNIK, RADIM VITEK, RADIM ZETAK, ROBERT NEMETH, LUBOMIR MAZAL on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. 10-CIV-05301 (GEB)  DOCUMENT ELECTRONICALLY FILED        **REPLY OF WAL-MART STORES, INC.** |
|           Plaintiffs,    v.  WAL-MART STORES, INC.,           Defendant. |  |

## TABLE OF CONTENTS

**Page**

I.      Introduction...................................................................................................1

II.     Plaintiffs' Sole Argument In Support Of Their Refiled RICO Claims – That The
        Court's Prior Dismissal Of Them Was In Error – Is Impermissible Under
        Hornbook Law. ..............................................................................................1

III.    Plaintiffs' Refiled FLSA Claims Are Likewise Precluded By Res Judicata And
        Time-Barred. ..................................................................................................3

IV.     Plaintiffs' False Imprisonment Claims Are Inherently Implausible And Cannot
        Survive The Pleading Standard Pronounced In *Twombly*..................................5

V.      Conclusion .....................................................................................................8

## TABLE OF AUTHORITIES

*Arroyo v. K-Mart Inc.*, 81 F. Supp. 2d 301 (D.P.R. 1999) ................................8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................6

*Bailey v. N. Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000) ................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................6

*Covington v. Int'l Ass'n of Approved Basketball Officials*, No. 08-3639, 2010 WL 3404977 (D.N.J. Aug. 26, 2010) ................................6,7

*EEOC v. United States Steel Corp.*, 921 F.2d 489 (3d Cir. 1990) ................................2

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ................................3

*Humphrey v. Prudential Sec. Inc.*, 4 F.3d 313 (4th Cir. 1993) ................................8

*Morisky v. Pub. Serv. Elec. & Gas*, 111 F. Supp. 2d 493 (D.N.J. 2000) ................................4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) ................................6

*Tannenbaum v. Corbis Sygma*, No. 02-5066, 2002 WL 31778813 (S.D.N.Y Dec. 12, 2002) ................................8

*United States v. 5 Unlabeled Boxes*, 572 F.3d 169 (3d Cir. 2009) ................................1,2

*Zavala v. Wal-Mart Stores, Inc.*, 447 F. Supp. 2d 379 (D.N.J. 2006) ................................2,6

*Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295 (D.N.J. 2005) ................................6

## RULES

29 C.F.R. § 1910.36................................5

Fed. R. Civ. P. 20................................4

## I.      Introduction

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") has moved for dismissal of this action on res judicata and other grounds.  In their opposition, plaintiffs concede that they have refiled the exact same RICO and FLSA claims that this Court already rejected in *Zavala I*.  Plaintiffs assert that they refiled their RICO claims because the Court's prior ruling on this issue was "in error." Opp'n at 11.  Plaintiffs likewise assert that, although "the [FLSA] collective action issue was litigated in *Zavala I*," they have refiled their overtime claims "collectively" and "individually" – again because they disagree with the Court's prior decertification ruling.  *Id.* at 7.  This is precisely the kind of relitigation that hornbook res judicata precedent forbids.  Plaintiffs further attempt to defend their implausible false imprisonment claims by alleging additional "factual context" that has no bearing on a viable cause of action for false imprisonment.  *Id.* at 10.  And plaintiffs contend – ironically and incorrectly – that res judicata precludes Wal-Mart from challenging these allegations, even though to date there has been no ruling on the merits of the false imprisonment claims in *Zavala I* that could possibly have any preclusive effect here.  In short, plaintiffs' recycled complaint epitomizes the frivolous and wasteful nature of this litigation.  This action should be dismissed with prejudice.

## II.      Plaintiffs' Sole Argument In Support Of Their Refiled RICO Claims – That The Court's Prior Dismissal Of Them Was In Error – Is Impermissible Under Hornbook Law.

Plaintiffs do not contest that each element of res judicata applies to their RICO claims. Instead, they simply contend that the Court erred in dismissing the RICO claims in *Zavala I*. This argument confirms that plaintiffs' refiled RICO claims are improper under hornbook law.

As shown in Wal-Mart's opening brief, res judicata requires (i) "a final judgment on the merits in a prior suit involving" (ii) "the same claim and" (iii) "the same parties or their privies." Motion to Dismiss ("MTD") at 3 (quoting *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173

(3d Cir. 2009)). In their opposition, plaintiffs admit that their RICO claims "are identical to those considered and dismissed in *Zavala I*." Opp'n at 11. Moreover, plaintiffs do not deny that the RICO claims were subject to a final judgment on the merits in *Zavala I*, and that the current plaintiffs were adequately represented as privies to – and participants in – *Zavala I*. Accordingly, plaintiffs' refiled RICO claims are precluded by res judicata.

Plaintiffs offer only one explanation for recycling their RICO claims. They assert that "[f]or the reasons plaintiffs stated in *Zavala I*, [the Court's] holding, respectfully, was error." *Id.* This is precisely the type of wasteful re-litigation of issues that res judicata forbids. As the Third Circuit has explained, "[r]es judicata 'avoids the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *EEOC v. United States Steel Corp.*, 921 F.2d 489, 492 (3d Cir. 1990) (citation omitted); *see also 5 Unlabeled Boxes*, 572 F.3d at 174-75 (barring similar refiled claims based on res judicata). Plaintiffs are not entitled to re-litigate claims and issues that, by their own admission, are "identical" to those dismissed in a prior action simply because they disagree with the Court's ruling.

In addition, plaintiffs do not challenge that their refiled RICO claims are time-barred under the applicable four-year statue of limitations. The RICO claims in *Zavala I* were dismissed with prejudice on August 28, 2006. *See Zavala I*, 447 F. Supp. 2d 379, 389 (D.N.J. 2006). This action was filed four years and fifty-eight days later, on October 25, 2010. Plaintiffs' refiled RICO claims are thus barred on this additional, independent ground.

Finally, plaintiffs do not contest that their complaint fails to state a viable RICO claim for the same reasons the Court already found in *Zavala I*. Plaintiffs admit that in *Zavala I*, "the Court addressed the adequacy of the allegations of predicate acts and, concluding those

allegations were insufficient, dismissed the RICO claims with leave to replead." Opp'n at 11. Plaintiffs further admit that after they re-pled these claims in *Zavala I*, "the Court . . . dismissed[,] finding insufficient allegations of proximate cause and a separate enterprise." *Id.* These statements, coupled with plaintiffs' admission that their current claims are "identical to those considered and dismissed in *Zavala I*," further justifies dismissal of the refiled RICO claims on this third, independent ground.

## III.   Plaintiffs' Refiled FLSA Claims Are Likewise Precluded By Res Judicata And Time-Barred.

In their opposition, plaintiffs assert that they also filed this action "to prosecute their individual claims under the FLSA . . . as well to preserve their appeal rights." *Id.* at 1. Neither purpose is permissible.

Despite expressly alleging a collective action under Section 216(b) of the FLSA, and filing with this Court multiple individual-plaintiff "consents" to join the collective action, plaintiffs now contend that their "collective action allegations in *Zavala II* were ple[]d as a prophylactic matter." *Id.* at 7 n.6. Plaintiffs' attempt to relitigate these claims – whether for "prophylactic" or other reasons – is improper under the same hornbook res judicata precedent cited in Wal-Mart's motion and summarized above.

Nor can plaintiffs avoid this result by recasting their collective action as a joint suit "to advance their individual claims." *Id.* at 7. Section 216(b) of the FLSA only permits individual plaintiffs to join their wage claims in a single suit when the plaintiffs have shown that they are "similarly situated" and collective treatment of their allegations would be manageable and comport with due process. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-73 (1989) (Section 216(b) authorizes collective treatment of claims only where plaintiffs are "similarly situated" and it would permit "efficient resolution in one proceeding of common

issues of law and fact arising from the same alleged . . . activity."); *Morisky v. Pub. Serv. Elec. & Gas*, 111 F. Supp. 2d 493, 499 (D.N.J. 2000) (granting motion for decertification and stating that due to plaintiffs' diverse factual settings, "litigating this case [on a collective basis] would be anything but efficient"). This Court already ruled in *Zavala I* – after discovery and full briefing – that these *same* plaintiffs are *not* "similarly situated" and that collective treatment of their FLSA claims would be unworkable, inefficient, and unfair to Wal-Mart. MTD at 14-15 (citing *Zavala I*, 6/25/10 Memorandum Opinion at 5-9 (Docket #215)). Plaintiffs' attempt to join their "individual claims" in a single refiled lawsuit, therefore, is both improper under the FLSA and precluded by the Court's prior ruling.[1]

Finally, plaintiffs do not challenge that their collective action claims are also time-barred under the applicable statute of limitations. Plaintiffs admit that, under the Third Circuit's holding in *Yang v. Odom*, the statute of limitations was never tolled for their collective action claims. As plaintiffs concede, "*Yang* stands for the proposition that . . . tolling is not appropriate where decertified plaintiffs file a new class action and the reason for the decertification was class deficiency." Opp'n at 8. The application of this precedent to the present case could not be

---

[1]    For the same reasons, joinder of plaintiffs' individual claims violates Fed. R. Civ. P. 20. Rule 20 permits joinder only with respect to claims arising out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. In *Zavala I*, the Court found that there are "significant differences in the factual and employment settings of the individual claimants" and "differences among claimants and among the contractors that greatly affect the defenses available to Defendant in this case." *Zavala I*, 6/25/10 Memorandum Opinion at 5, 9-10 (Docket #215). *Cf. Bailey v. N. Trust Co.*, 196 F.R.D. 513, 516 (N.D. Ill. 2000) (granting motion to sever claims of five plaintiffs who allege racial discrimination against one employer, stating that the claims involved "different section managers and team leaders at different times over a period of at least fifteen months"). Plaintiffs essentially admit on their website that they are not entitled to pursue joint claims but nonetheless continue to solicit for more individuals to join this improper action: *See* "News Flash – *Zavala II*," *available at* www.walmartjanitors.com (last visited Jan. 29, 2011) (publicizing January 21, 2010 Department of Homeland Security letter and stating: "We may be required to have 47 separate jury trials, but we will be ready. *Do more individuals wish to join?*") (emphasis added).

- 4 -

clearer:  plaintiffs have refiled, practically verbatim, the same collective action claims that they

filed in *Zavala I* and seek certification of an identical class.  By plaintiffs' own admission of the

controlling law, these refiled FLSA claims are time-barred and should be dismissed on this

additional, independent ground.[2]

### IV.   Plaintiffs' False Imprisonment Claims Are Inherently Implausible And Cannot Survive The Pleading Standard Pronounced In *Twombly*.

Plaintiffs' refiled complaint also recycles the inherently implausible claim that plaintiffs'

were "falsely imprisoned" due to Wal-Mart's "widespread practice of locking employees inside

Wal-Mart stores while they worked."  Third Amended Complaint ("TAC") ¶ 62.  As in *Zavala I*,

plaintiffs do not allege that Wal-Mart used any unlawful force or threat of unlawful force to

confine them in the stores, and affirmatively aver that they voluntarily returned to the stores

night after night for continued employment.

In their opposition, plaintiffs essentially concede that their false imprisonment claims are

inherently implausible, acknowledging that "[t]his Court in *Zavala I* held that use of force could

not create false imprisonment if there existed a reasonable means of egress; and that emergency

exits constituted such a reasonable means."  Opp'n at 10.  Plaintiffs do not – and cannot – rebut

the common sense (and judicially noticeable) fact that well-marked emergency exits are

ubiquitous in retail establishments in the United States, as *required* by federal and local

regulations.  At the federal level, 29 C.F.R. § 1910.36 requires all employers to provide a

minimum of two permanent, unlocked, unobstructed emergency exits in all workplaces.  At the

state level, all 50 states have adopted the International Building Code, which requires buildings

---

[2]     Plaintiffs incorrectly claim that Wal-Mart has conceded that their individual FLSA claims would be timely if properly filed.  *See* Opp'n at 8.  Wal-Mart has made no such concession. Many of plaintiffs' claims may be time-barred, in whole or part, based on the varying facts and circumstances of their different employment settings and dates of alleged work.

- 5 -

to have emergency exits that are clearly marked, easily accessible, unobstructed, and in proper working order. *See* www.iccsafe.org (website of the International Code Council).

Plaintiffs – like anyone else in a Wal-Mart store – always had the option of safely exiting the store by walking out of any number of available emergency exits. And plaintiffs have never disputed that store managers were generally available to unlock the main doors of the stores during breaks and other times when people needed to leave. *See Zavala I*, 447 F. Supp. 2d at 384 (stating that "[p]laintiffs do not allege that a Wal-Mart manager ever refused to allow exit, and thus no claim of forced confinement has been made"); MTD at 32. Moreover, in *Zavala I*, the Court observed "the fact that an alarm might sound if a plaintiff exits through an employee exit, or that there is moral pressure, or that one's job is being threatened, is not sufficiently adequate to constitute an actionable constraint by threat of force." *Zavala I*, 393 F. Supp. 2d 295, 334 (D.N.J. 2005).

Courts are expected to use experience and common sense in deciding whether a plaintiff has pled a plausible claim for relief. As the Supreme Court has instructed, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A court may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. A court need not accept "'bald assertions,'" "'unsupported conclusions,'" "'unwarranted inferences,'" or "'sweeping legal conclusions cast in the form of factual allegations.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (citation omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, No. 08-3639, 2010 WL 3404977, at *3 (D.N.J. Aug. 26, 2010) (Brown, C.J.) (granting motion to dismiss pursuant to

Rule 12(c) and noting that the *Twombly* standard requires "'more than a sheer possibility that a defendant has acted unlawfully'") (citation omitted).

Plaintiffs' "bald assertions" that they were falsely imprisoned because Wal-Mart locks the doors at night – like most other retail, commercial, and residential premises do – fail to state a plausible claim. The allegations are simply not credible in the context of plaintiffs' other allegations that they returned voluntarily and repeatedly to the stores to continue working. These admissions alone are fundamentally incompatible with any legitimate claim of false imprisonment. Nor can plaintiffs credibly dispute that the stores had well-marked emergency exits, as required by both federal and state law. And, as the Court has already observed, plaintiffs do not allege any use or threat of unlawful force by anyone at Wal-Mart. Together, the facts alleged and *not* alleged by plaintiffs indicate that they came freely and repeatedly to the stores, and could have left them simply by asking a store manager to unlock the front doors or using any number of available emergency exits. Given these circumstances, experience and common sense preclude the unwarranted inferences that plaintiffs' false imprisonment claims would require this Court to draw in order to find, in its words, "'more than a sheer possibility that [Wal-Mart] has acted unlawfully.'" *Covington*, 2010 WL 3404977, at *1 (citation omitted). Accordingly, under *Twombly*, these implausible claims should be dismissed.

The implausibility of these false imprisonment claims is further demonstrated by the additional "factual context" that plaintiffs themselves describe in their opposition. For example, plaintiffs reallege their general claim that Wal-Mart "made systematic use of the labor of undocumented migrants," who allegedly "have minimal English language skills" and "no connection to the communities where they labored." Opp'n at 10. None of these allegations bears on the elements of a viable false imprisonment claim. Plaintiffs further contend that "Wal-

- 7 -

Mart maintenance contractors were prosecuted and convicted of criminal immigration violations." *Id.* But this assertion pertains to third party contractors, not Wal-Mart, and even then says nothing about the unlawful use or threat of force by *anyone* to restrain plaintiffs against their will in a store.

Finally (and ironically), plaintiffs argue that Wal-Mart is barred by res judicata from challenging their refiled false imprisonment claims here because the court denied a Rule 12(b)(6) motion to dismiss the same claims in *Zavala I.* This argument has no reasonable basis in law. Indeed, it is hornbook law that the denial of a motion to dismiss does not constitute a final judgment on the merits and has no preclusive effect. *See, e.g., Humphrey v. Prudential Sec. Inc.*, 4 F.3d 313, 314 n.1 (4th Cir. 1993) ("The denial [of a 12(b)(6) motion] in no way established a final judgment from which the preclusive effects of res judicata should emanate."); *Tannenbaum v. Corbis Sygma*, No. 02-5066, 2002 WL 31778813, at *2 (S.D.N.Y Dec. 12, 2002) ("*[R]es judicata* only applies to final judgments. The decision . . . was not a final judgment on the merits but, rather, a denial of a motion to dismiss at the pleading stage. *Res judicata* is therefore inapplicable."); *Arroyo v. K-Mart Inc.*, 81 F. Supp. 2d 301, 310 n.18 (D.P.R. 1999) (holding that "[a] standard requirement of res judicata or collateral estoppel is that there be a final judgment. . . . This Court's ruling . . . [denying] the 12(b)(6) motion did not have the requisite finality and it was not a judgment").

## V.   Conclusion

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP
Attorneys for Defendant Wal-Mart Stores, Inc.


By: /s/ Thomas H. Golden
       Thomas H. Golden

     787 Seventh Avenue
     New York, NY  10019
     tgolden@willkie.com

Of Counsel:

David P. Murray, Esq. (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C.  20006-1238
dmurray@willkie.com

Dated:  February 2, 2011