UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VICTOR MANUEL ZAVALA,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **WAL-MART STORES, INC.,** <br><br> **Defendant.** | Civ. No. 2:10-05301 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiffs bring this putative class and collective action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act ("FLSA") and the common law of false imprisonment. Wal-Mart argues that Plaintiffs' Third Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will **GRANT** Defendant's motion to dismiss.

**I.   BACKGROUND**

      This case is a follow-on case to *Zavala v. Wal-Mart Stores, Inc.*, No. 3-5309 (D.N.J.) ("*Zavala I*"). *See* Letter from James L. Linsey to the Hon. William J. Martini (June 11, 2012), ECF 45 (*Zavala I* implicates "identical and related issues"); Letter from Thomas H. Golden to Hon. William J. Martini (June 12, 2012) (same). Like the Plaintiffs in *Zavala I*, the Plaintiffs in this case allege that Wal-Mart entered into a criminal enterprise to exploit their labor.

      The complaint in *Zavala I* was filed on November 10, 2003. *Zavala I*, ECF No. 1. It alleged, *inter alia*, violations of RICO, RICO conspiracy, the FLSA, and the common law of false imprisonment. The Court, per the Honorable Joseph A. Greenaway, then a United States District Judge, conditionally certified an FLSA collective action pursuant to 29 U.S.C. § 216(b). *Zavala I*, Order (Dec. 30, 2004),

1

ECF No. 41. Judge Greenaway then granted Wal-Mart's motion to dismiss the RICO claims. *Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295 (D.N.J. 2005). After the case was reassigned, the Honorable Garrett E. Brown, Jr. "decertified" the FLSA collective action and granted Wal-Mart summary judgment on the false imprisonment claims. *Zavala v. Wal-Mart Stores, Inc.*, No. 3- 5309, 2010 WL 2652510 (D.N.J. June 25, 2010); *Zavala v. Wal-Mart Stores, Inc.*, No. 3-5309, 2011 WL 1337476 (D.N.J. Apr. 7, 2011). The Third Circuit affirmed the dismissal of the RICO claims, the "decertification" of the collective action, and the grant of summary judgment on the false imprisonment claims. *Zavala v. Walmart*, 691 F.3d 527 (3d Cir. 2012).

After the *Zavala I* collective action was decertified, individuals who had been part of the collective action filed the instant suit. Wal-Mart moved to dismiss on May 23, 2012. ECF No. 44. Recognizing that the motion to dismiss implicated questions pending before the Third Circuit in *Zavala I*, the Court stayed consideration of the instant motion on June 14, 2012. ECF No. 47. Now that the Third Circuit has ruled, Wal-Mart's motion to dismiss is ripe for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

The Complaint contains four counts: RICO (Count I), RICO conspiracy (Count II), FLSA (Count III), and false imprisonment (Count IV).  In Count III, Plaintiffs assert both individual claims and a collective action under the FLSA. Wal-Mart moves to dismiss Counts I, II, and IV.  With respect to Count III, Wal-Mart moves to dismiss only the FLSA collective action claim.

### A.   RICO and RICO Conspiracy (Counts I and II)

Plaintiffs' RICO and RICO conspiracy claims are time-barred.  RICO's four year statute of limitations begins to accrue when an individual "kn[ows] or should have known of their injury."  *Forbes v. Eagleson*, 228 F.3d 471, 483-84 (3d Cir. 2000).  Plaintiffs stopped working at Wal-Mart in 2003, and they opted into the *Zavala I* putative FLSA collective action on or before June 30, 2006.  Pls.' Br. 1, ECF No. 32; *Zavala I*, Order at 2 (D.N.J. July 19, 2006), ECF No. 112.  Clearly, Plaintiffs knew or should have known about their RICO claims when they opted into *Zavala I* more than four years before they filed the instant suit.  As Plaintiffs do not argue that the limitations period should be tolled, the Court will **DISMISS** the RICO claim (Count I) and RICO conspiracy claim (Count II) **WITH PREJUDICE**.

### B.   FLSA (Count III)

The Third Circuit determined that an almost identical FLSA collective action was not certifiable.  *Zavala I*, 691 F.3d at 537-38.  Accordingly, the Court will **DISMISS** Plaintiffs' FLSA collective action claim **WITH PREJUDICE**.[1] Plaintiffs' individual claims under the FLSA will move forward.

### C.   FALSE IMPRISONMENT (Count IV)

Wal-Mart argues that Plaintiffs' false imprisonment claims are time-barred. Plaintiffs do not contest this argument, but they claim that the doctrine of issue preclusion immunizes their false imprisonment claims from dismissal.  Plaintiffs are incorrect: the Court can consider Wal-Mart's statute of limitations argument. The Court concludes that Wal-Mart's argument has merit.

Under the doctrine of issue preclusion, "[a] plaintiff is generally precluded from reasserting the same issue that was subject to a final judgment during a

---

[1] In its Reply Brief, Wal-Mart argues that Plaintiffs' individual FLSA claims are not properly joined in this action. The Court will reserve decision on whether to sever the individual FLSA claims.

previous adjudication." *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 541 (3d Cir. 2012). In *Zavala I*, the Court denied Wal-Mart's motion to dismiss essentially identical false imprisonment claims. Even if that ruling has issue preclusive effect, it does not prevent Wal-Mart from asserting a statute of limitations defense in this case. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. 8-309, 763 F. Supp. 2d 671, 680 (D. Del. 2010) (issue preclusion inapplicable to defenses not "actually litigated" in prior action).

To determine which statute of limitations applies to Plaintiffs' various false imprisonment claims, the Court must conduct a choice of law analysis. Wal-Mart argues that the applicable limitations period is determined by the law of the state where the alleged false imprisonment occurred, and Plaintiffs do not disagree.

Plaintiffs stopped working at Wal-Mart at least seven years before they filed the Complaint in this action. The most generous potentially applicable statute of limitation is six years.[2] Accordingly, the Court will **DISMISS** Plaintiffs' false imprisonment claims **WITH PREJUDICE**.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Counts I, II and IV are **DISMISSED WITH PREJUDICE**. The FLSA collective action claim asserted in Count III is also **DISMISSED WITH PREJUDICE**. The individual claims asserted under the FLSA in Count III will move forward. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 31, 2013**

---

[2] Plaintiffs worked at a variety of Wal-Mart stores in a variety of states. The statutes of limitation for false imprisonment in those states are all six years or less: AL: 6 years (Ala. Code. § 6-2-34(1)); AR: 1 year (Ark. Code Ann. 16-56-104(2)(B)); CA: 2 years (Cal. Code Civ. Pro. § 335.1); CO: 1 year (C.R.S.; § 13-80-103(1)(a)); DE: 2 years (10 Del.C. § 8119); FL: 4 years (West's F.S.A. § 95.11(3)(o)); GA: 2 years (O.C.G.A § 9-3-33); IA: 2 years (Indiana Code § 34–11–2–4); IL: 2 years (735 ILCS 5/13–202); KY: 1 year (Ky. Rev. Stat. Ann. § 413.140(1)); LA: 1 year (LSA-C.C. Art. 3492); MD: 3 years (Md. Code. Ann. Cts. & Jud. Proc. § 5-101); ME: 2 years (14 M.R.S.A. § 753); MO: 2 years (R.S. Mo. § 516.140); MI: 2 years (M.C.L.A. § 600.5805(2)); MS: 1 year (Miss. Code Ann. § 15-1-35); NC: 3 years (N.C. Gen. Stat. § 1-52(13)); NH: 3 years (N.H. Rev. Stat. Ann. § 508:4(I)); NJ: 2 years (N.J.S.A. 2A:14-2(a)); NY: 1 year (N.Y. C.P.L.R. § 215(3)); OH: 1 year (R.C. 2305.11(A)); OK: 1 year (12 Okl. Stat. Ann. § 95(4)); PA: 2 years (42 Pa. C.S.A. § 5524(1)); TN: 1 year (Tenn. Code Ann. § 28–3–104(a)(1)); SC: 2 years (S.C. Code Ann. § 15–3–550(1)); VA: 2 years (VA Code Ann. § 8.01-243(A)); WV: 2 years (W. Va.Code § 55–2–12(b)).