UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VICTOR MANUEL ZAVALA,** *et al.* | Civ. No. 2:10-05301 (WJM) |
| **Plaintiffs,** | |
| v. | **OPINION** |
| **WAL-MART STORES, INC.,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

A group of plaintiffs brought individual, class, and collective action claims against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), asserting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act (the "FLSA"), and the common law of false imprisonment. The Court dismissed all claims except for the individual FLSA claims. Subsequently, a host of plaintiffs settled with Wal-Mart. Wal-Mart now moves without opposition pursuant to Federal Rule of Civil Procedure 56 for summary judgment on the individual FLSA claims of 11 plaintiffs: Marketa Cejkova, Ewa Federska, Andrzej Federski, Ondrej Getzel, Ed (Jiri) Halla, Eva Josefikova, Jiri Justa, Jan Marsic, Lubomir Mazal, Gyorgy Suba, and Ladislav Zahradnik (together the "Remaining Plaintiffs"). Wal-Mart argues that the Remaining Plaintiffs' FLSA claims are time-barred. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Wal-Mart's motion for summary judgment is **GRANTED**.

**I.     BACKGROUND**

The following facts are undisputed. On November 10, 2003, eight plaintiffs including Victor Zavala filed a complaint in *Zavala v. Wal-Mart Stores, Inc.* ("*Zavala I*"). Compl., *Zavala v. Wal-Mart Stores, Inc.*, No. 3-5309 (D.N.J. Nov. 10, 2003), ECF No. 1. The *Zavala I* plaintiffs were apparently undocumented immigrants who worked for independent contractors that cleaned Wal-Mart stores. The *Zavala I* plaintiffs alleged, *inter alia*, that Wal-Mart exploited their labor by locking them into stores at night and by failing to pay them minimum wage and overtime. Based partly on these allegations, the *Zavala I* plaintiffs asserted putative class action claims under RICO and the common law of false imprisonment, as well as a collective action claim under the FLSA. Between

February 26, 2004 and April 25, 2006, over 100 individuals filed written consents to opt-into the putative FLSA collective action. On June 25, 2010, the Court denied the *Zavala I* plaintiffs' motion to certify a collective action. *Zavala v. Wal-Mart Stores, Inc.*, No. 3-5309, 2010 WL 2652510 (D.N.J. June 25, 2010), *aff'd* 691 F.3d 527 (3d Cir. 2012). In reaching this decision, the Court concluded that the *Zavala I* plaintiffs were not similarly situated and were subject to individualized defenses.

On October 14, 2010, roughly 50 people who submitted written opt-in consents in *Zavala I* filed the instant action, which is essentially identical to *Zavala I*. *See* June 11, 2012 Letter from James L. Linsey to the Hon. William J. Martini, ECF 45 (*Zavala I* implicates "identical and related issues"); June 12, 2012 Letter from Thomas H. Golden to Hon. William J. Martini (same). Like the plaintiffs in *Zavala I*, the Plaintiffs in this case asserted class action claims under RICO and the common law of false imprisonment. The Plaintiffs also asserted individual and collective action claims under the FLSA.

On December 23, 2010, Wal-Mart moved to dismiss the RICO and false imprisonment claims and the FLSA collective action claim. ECF No. 24. The Court granted Wal-Mart's motion. *Zavala v. Wal-Mart Stores*, No. 10-5301, 2013 WL 296133 (D.N.J. Jan. 31, 2012).

Wal-Mart now moves for summary judgment on the individual FLSA claims of the Remaining Plaintiffs. As illustrated in Exhibit A to Wal-Mart's motion ("Exhibit A"), the Remaining Plaintiffs stopped working at Wal-Mart between February 2000 and August 2002, and the Remaining Plaintiffs submitted written opt-in consents in *Zavala I* between December 2004 and October 2005:

**Key Statute of Limitations Dates**

| Plaintiff | End Work Date | End Work Date + Three Years | *Zavala I* Consent Filed |
|---|---|---|---|
| Cejkova | 8/30/01 | 8/30/04 | 9/22/05 |
| Federska | 7/31/02 | 7/31/05 | 9/19/05 |
| Federski | 8/31/02 | 8/31/05 | 9/19/05 |
| Getzel | 8/31/01 | 8/31/04 | 9/7/05 |
| Halla | 7/10/01 | 7/10/04 | 5/26/05 |
| Josefikova | 11/26/01 | 11/26/04 | 5/26/05 |
| Justa | 4/4/01 | 4/4/04 | 5/26/05 |
| Marsic | 11/6/01 | 11/6/04 | 5/26/05 |
| Mazal | 8/5/01 | 8/5/04 | 9/8/05 |
| Suba | 4/15/02 | 4/15/05 | 10/18/05 |
| Zahradnik | 2/29/00 | 2/29/03 | 12/7/04 |

Def.'s Br., Exhibit A, ECF No. 59-2.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.    DISCUSSION

Wal-Mart argues that the Remaining Plaintiffs' FLSA claims are time-barred. Wal-Mart is correct.

The FLSA provides that employers must pay minimum wage and must also pay overtime for work in excess of 40 hours per week. Generally, FLSA violations are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). If an FLSA violation is willful, the limitations period increases to three years. *Id.* The limitations period begins to run "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b); *see also Falzo v. County of Essex*, No. 3-1922, 2008 WL 2064811, at *8 (D.N.J. May 14, 2008). For individual FLSA claims, the limitations clock stops running when a plaintiff files suit. 29 U.S.C. § 256. For collective action FLSA claims, the limitations clock stops running when an individual submits a written consent to become a party plaintiff. *Id.* In either case, the limitations clock starts running again when a court issues a "final adverse determination" that a collective action cannot be certified because of a "deficiency in the [collective action] itself." *See Yang v. Odom*, 392 F.3d 97, 99 (3d Cir. 2004).

The Court will assume that the FLSA's three year statute of limitations applies in this case. As noted above, the FLSA's limitations period begins to run on the "regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b). Here, the record does not indicate the regular pay day for each Remaining Plaintiff. Instead, the record indicates when each Remaining Plaintiff stopped working at Wal-Mart. Nine Remaining Plaintiffs (Cejkova, Getzel, Halla, Josefikova, Justa, Marsic, Mazal, Suba, and Zahradnik) opted into *Zavala I* at least three years and six months after they stopped working at Wal-Mart. *See* Exhibit A. There is no suggestion that anyone's pay day was scheduled six months after their last day of work. Accordingly, when these nine Remaining Plaintiffs filed written consents in *Zavala I*, their FLSA claims were already time-barred under the three year statute of limitations. And when these nine Remaining

3

Plaintiffs filed the instant suit on October 14, 2010, their FLSA claims were still time-barred.

The claims of the two additional Remaining Plaintiffs, Federska and Federski, are also untimely. Federska filed her consent in *Zavala I* on September 19, 2005—three years, one month and nineteen days after her last day of work at Wal-Mart. *See* Exhibit. A. Federski filed his consent in *Zavala I* on September 19, 2005—three years and nineteen days after his last day of work at Wal-Mart. *Id.* The limitations clock stopped ticking for both Federska and Federski on September 19, 2005, when they opted-into *Zavala I*, and the limitations clock started ticking again on June 25, 2010, when the *Zavala I* court denied certification of a collective action. *See* 29 U.S.C. § 256(b); *Yang*, 392 F.3d at 99. By the time Federska and Federski filed the instant suit on October 14, 2010, the limitations clock for Federska read in excess of three years and four months, and the limitations clock for Federski read in excess of three years and three months. Since there is no suggestion that any Remaining Plaintiff's pay day was scheduled as much as three months after their last day of work, Federska and Federski's claims are untimely under the three-year statute of limitations. It follows that the Remaining Plaintiffs' FLSA claims are all untimely.

## III.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** summary judgment for Wal-Mart on the individual FLSA claims asserted by Marketa Cejkova, Ewa Federska, Andrzej Federski, Ondrej Getzel, Ed (Jiri) Halla, Eva Josefikova, Jiri Justa, Jan Marsic, Lubomir Mazal, Gyorgy Suba, and Ladislav Zahradnik.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 23, 2013**